1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11 | PAUL W. BRADEN,

Case No.  1:23-cv-00469-SAB (PC)

12 |         Plaintiff,

ORDER RE: PLAINTIFF'S MOTION TO THE COURT AND REQUEST FOR ADR

13 |    v.

(ECF No. 9)

14 | K. HUNT, et al.,

15 |         Defendants.

16

17

18

19

20      Plaintiff Paul W. Braden ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma*

21 *pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  This action, originally

22 filed in the Sacramento Division of the Eastern District of California, was transferred to the

23 Fresno Division of the Eastern District of California on March 28, 2023.  (See ECF No. 6.)

24      Currently before the Court is Plaintiff's motion for ADR, filed on March 27, 2023.  (ECF

25 No. 9.) For the following reasons, Plaintiff's motion shall be denied.

26 ///

27 ///

28 ///

1

**I.**

**DISCUSSION**

Plaintiff indicates his case has been stalled for over six months, and requests an order requiring CDCR to present someone with settlement authority to engage in settlement negotiations and/or the ADR program. (ECF No. 9.) Plaintiff also appears to seek an order directing service of the complaint on the named defendants. However, Plaintiff's motion/requests must be denied.

The Court notes it is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the Court has yet to screen Plaintiff's complaint by this Court as it was just transferred. Thus, because the Court has not determined that the complaint states a cognizable claim against anyone, directing service on any individual is premature. So, too, would be an order requiring parties who have not yet been served or appeared in this litigation to participate in settlement discussions. Indeed, the Court notes that the pendency of this action does not give it jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. U.S., 599 F.3d 964, 969 (9th Cir. 2010). Rather, the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969. Thus, Plaintiff's motion is premature, and must be denied at this time.

///

///

///

///

///

///

2

1

**II.**

2

**CONCLUSION AND ORDER**

3          Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion and request

4     for ADR (ECF No. 9) is DENIED, without prejudice.

5

6     IT IS SO ORDERED.

7     Dated:   **March 30, 2023**     _____

                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28