# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL W. BRADEN,<br><br>    Plaintiff,<br><br>    v.<br><br>K. HUNT, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00469-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S FOR EXTENSION OF TIME AND DIRECTING CLERK OF COURT TO PROVIDE PLAINTIFF WITH A COURTESTY COPY OF THE COMPLAINT AND THE COURT'S ORDER<br><br>(ECF No. 14) |

Plaintiff Paul W. Braden is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 17, 2023, the Court screened Plaintiff's complaint, found no cognizable claim, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 12.) After Plaintiff failed to file an amended complaint, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 13.)

Currently before the Court is Plaintiff's motion for an extension of time and copy of the complaint, filed June 5, 2023. Plaintiff submits that he has been placed on short-term restricted housing due to a battery upon another inmate and he is without his legal property. (ECF No. 14.) Plaintiff seeks an extension of time and a copy of his complaint filed in this action.

On the basis of good cause, the Court will grant Plaintiff's motion for an extension of time to file an amended complaint.

1     With respect Plaintiff's request for a copy of the complaint, "prisoners have a constitutional right of access to the courts," Bounds v. Smith, 430 U.S. 817, 821 (1977), and there is no constitutional right to receive photocopies free of charge. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1990), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."); Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (finding no violation of "appellant's constitutional rights when [prison officials] refused to provide him with free photocopies...."); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997) ( [T]here is no First Amendment right to subsidized [legal] mail or photocopying.").

The rule prohibiting free photocopies is the same for plaintiffs proceeding in forma pauperis. See In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (Title 28 U.S.C. section 1915 "waives only 'prepayment of fees and costs and security ...' [but] does not give the litigant a right to have documents copied and returned to him at government expense."); Hadsell v. Comm'r Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (explaining that title 28 U.S.C. section 1915—governing proceedings in forma pauperis—does not waive the payment of fees or expenses required for an indigent's witnesses); Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976) (holding that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," and that 28 U.S.C. section 1915 does not provide such authorization); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (courts are not authorized "to commit federal monies for payment of necessary expenses in a civil suit brought by an indigent litigant.")

While Plaintiff is not entitled to free copies of his legal filings, in the interests of moving this case forward and assisting Plaintiff in preparing an amended complaint, the Court will make a one-time exception and send a courtesy copy of his original complaint and the Court's April 17, 2023 screening order.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint; and

2. The Clerk of Court shall send Plaintiff a courtesy copy of the complaint, filed on October 14, 2022 (ECF No. 1), and a copy of the Court's April 17, 2023, screening order (ECF No. 12.)

IT IS SO ORDERED.

Dated: **June 6, 2023**

UNITED STATES MAGISTRATE JUDGE